GEORGE M. ADAMS *v.* OLIVIA COLLIER.

**Dower—Husband and Wife—Lien for Purchase Money—Notice.**
> Where a husband pays a valuable consideration for land, acquiring the legal title without notice of the rights of a lien holder, the widow is entitled to dower.

**Lien—Notice.**
> Where real estate is sold and a bond for a deed is executed and afterwards the bond is transferred, and the grantor sells and conveys such real estate, the purchaser having notice that his grantor has not paid for the land and of the lien of the seller, such purchaser takes the land subject to such lien, and his widow's right of dower is subject thereto.

APPEAL FROM KNOX CIRCUIT COURT.

January 21, 1875.

OPINION BY JUDGE LINDSAY:

Wood sold the tract of land to Renfro, and executed to him a bond for title. Renfro executed his note to Wood for the purchase price of the land.

Wood sold and transferred this note to appellant, Adams. Afterwards Renfro sold to Collier. The proof conduces to show that Collier undertook and agreed to pay off the note held by Adams. After all this, and without the consent or knowledge of Adams, Wood, at the request of Renfro and Collier, conveyed the land to Collier, retaining no lien to secure the payment of the amount due to Adams.

Collier being dead, his widow claims that this conveyance invested her husband with the legal title to the land, free from any lien, and that her right to dower at once accrued, and is not affected by the subsequent recognition by her said husband of the existence of Adams's lien.

Her claim would be valid if the husband had paid a valuable consideration for the land, and acquired the legal title without notice of the rights of Adams. But this is not the case. Wood understood from Renfro and Collier that the latter was to pay the debt due to Adams.

The assignment to Adams of the note to Renfro, invested him with the lien then existing in favor of Wood to secure its payment. Wood had no right afterwards to surrender this lien. The party to whom the surrender was made, having notice of Adams' equity, could not resist its enforcement. Mrs. Collier claims through her husband, and her claim is subject to all the infirmities of her husband's title. The court below erred in holding that her right to dower is superior to Adams's lien. Judgment *reversed*, and cause remanded for a judgment conforming to this opinion.

*Green & Adams, M. C. Johnson, for appellant.*
*J. W. Rodman, for appellee.*